**Alan HUMPHREY,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 88–8059.

United States Court of Appeals,
Eleventh Circuit.

Nov. 27, 1989.

---

S. Lester Tate, III, Savell & Williams, Atlanta, Ga., for petitioner-appellant.

Charles Calhoun, Asst. U.S. Atty., Macon, Ga., for respondent-appellee.

Before KRAVITCH, Circuit Judge, HILL *, Senior Circuit Judge, and FREEMAN **, District Judge.

RICHARD C. FREEMAN, District Judge:

This is the second appeal of the district court's denial of appellant's motion for habeas corpus relief under 28 U.S.C. § 2255. For the reasons discussed below, we affirm the denial of relief on the grounds of double jeopardy and prosecutorial vindictiveness. We vacate and remand for an evidentiary hearing on appellant's claim that falsified evidence was used against him.

I. FACTS AND PROCEDURAL HISTORY

Appellant was convicted on June 2, 1981 on a six-count indictment relating to appellant's involvement with stolen automobiles and falsified titles. Appellant was sentenced to serve twenty years. This court affirmed the conviction on March 8, 1982 and the United States Supreme Court denied *certiorari* on June 1, 1982. In March 1982 appellant filed a motion for habeas corpus relief under 28 U.S.C. § 2255.

On March 18, 1982, while the petition for *certiorari* and habeas corpus motion were pending, a second indictment was handed down against appellant. Appellant was indicted on eleven counts in a fifteen count indictment which also named three co-con-

---

* *See* Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable Richard C. Freeman, U.S. District Judge for the Northern District of Georgia, sitting by designation.

spirators. At a second trial on May 10–14, 1982, appellant was found guilty on all counts. He was sentenced to a second prison term of twenty years.

An undercover agent testified at both trials concerning taped telephone conversations with appellant. The agent testified he bought two stolen vehicles from appellant and that appellant arranged forged titles.

Since the second trial, appellant has filed three motions for federal habeas corpus relief under section 2255. Appellant contends that audio tapes of telephone conversations between appellant and the undercover agent, introduced into evidence in both trials, were falsified. Appellant wants to subpoena telephone company records to prove the tapes are falsified. The district court denied all three habeas corpus petitions. Upon appeal of the third denial of habeas corpus relief, this court remanded the case with the following instruction:

> [Appellant] expressed his desire to obtain subpoenas and to gather other types of evidence. Indeed, it does appear that [appellant's] contention that evidence was falsified would require something more than would generally be reflected in the trial record. This court has held that as a general rule we will not consider on direct appeal those issues for which another evidentiary hearing is required to ascertain facts necessary to decide the claim. Section 2255 is the appropriate procedure for presenting such claims.

On remand, the district court denied appellant's section 2255 motion without any hearing or any opportunity to obtain evidence by subpoena or otherwise. Appellant's second appeal of that third denial of the 2255 motion is before this court.

On appeal, appellant raises three issues: 1) whether appellant's second prosecution required the re-litigation of factual issues already resolved by the first prosecution, in violation of the double jeopardy clause of the Fifth Amendment; 2) whether appellant's second indictment, at the time appellant was seeking appellate and collateral relief from the first conviction, constitutes

prosecutorial vindictiveness in violation of appellant's Fifth Amendment rights; and 3) whether appellant was denied the opportunity to present evidence regarding alleged perjured testimony. The court will address these issues *seriatim.*

## II. DOUBLE JEOPARDY

■ The double jeopardy clause protects against prosecution for an offense after a conviction for the same offense. *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). There appear to be two distinct tests used to determine whether a particular offense amounts to "the same offense" for double jeopardy purposes. The most commonly applied test is set forth in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) as follows:

> [T]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. *See also Vitale,* 447 U.S. at 416, 100 S.Ct. at 2265, 65 L.Ed.2d at 235 (*Blockburger* is the "principal test" for determining double jeopardy.).

The Supreme Court, however, has also recognized a second test to determine whether two offenses are the same. The second test provides that "successive prosecutions will be barred in some circumstances where the second prosecution requires the relitigation of factual issues already resolved by the first." *Brown v. Ohio,* 432 U.S. 161, 166 n. 6, 97 S.Ct. 2221, 2226 n. 6, 53 L.Ed.2d 187, 195 n. 6 (1977). *See also Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970) (" 'Collateral estoppel' ... means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in any future lawsuit.").

■ Appellant contends that under the second test, the government violated dou-

ble jeopardy by introducing into evidence at the second trial facts that were litigated in the first trial. This position is unpersuasive. Although collateral estoppel is a corollary of the double jeopardy clause, *see United States v. DeMarco*, 791 F.2d 833 (11th Cir.1986), a defendant may not invoke collateral estoppel unless the facts sought to be foreclosed were determined in his favor in the prior trial. *United States v. Irvin*, 787 F.2d 1506 (11th Cir.1986).

Under the principal test, as set forth in *Blockburger*, the second trial did not violate double jeopardy. A careful comparison of the two indictments indicates the charged offenses differ and required proof of different facts. Specifically, the first indictment dealt with only one vehicle, a 1980 Mercedes Benz. Although the undercover agent testified as to appellant's theft of the 1980 Mercedes Benz in the second trial, that car was not included in the offenses set forth in the second indictment. Both indictments involve the same falsified title, but the alleged offenses pertaining to that title (C499852) involve different dates and false signatures on the title. Federal law clearly allows a defendant to be prosecuted for separate offenses arising out of the same set of facts provided each offense requires proof of additional facts not required by the other offenses. *Potts v. Zant*, 734 F.2d 526 (11th Cir.1984), *cert. denied*, 475 U.S. 1068, 106 S.Ct. 1386, 89 L.Ed.2d 610 (1986).

### III. PROSECUTORIAL VINDICTIVENESS

■ In *Thigpen v. Roberts*, 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984), the Supreme Court reiterated that where a defendant is indicted on more serious charges while pursuing appellate or collateral relief on original charges, a presumption of prosecutorial vindictiveness, in violation of Fifth Amendment due process, arises. The Court in *Thigpen* affirmed the ruling of the Fifth Circuit that the defendant was entitled to habeas corpus relief. *See also Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

Both *Thigpen* and *Blackledge* are distinguishable from the facts before the court. First, both of the cases reviewed by the Supreme Court involved defendants who were originally charged with misdemeanors and, pending appeal of the misdemeanor convictions, were charged with felonies. Second, the offense charged in the second indictment in *Thigpen* arose out of the identical occurrence that gave rise to the original indictment.[1] Likewise, in *Blackledge* the second indictment was based on the same incident as the original indictment.[2]

In *Blackledge* the Court addresses the situation of state retaliation by *substituting* a more serious charge for the original charge. Clearly that is not the situation in this action. Appellant has not faced stiffer charges arising out of one single incident. The charges in the second indictment are not a substitution; indeed, they are different charges based upon independent acts. Although the timing of the second indictment suggests that *Blackledge* and *Thigpen* are applicable, they are not.

### IV. REMAND OF THE SECTION 2255 MOTION

■ Appellant contends that the district court failed to consider any external evidence on the issue of whether the undercover agent's tapes were falsified. Appellant contends that when this court previously remanded this appeal and stated, "we will not consider on direct appeal those issues for which another evidentiary hearing is required ...," the court was directing the district court to hold an evidentiary hearing to review appellant's claim. On

---

1. Both indictments in *Thigpen* arose from the same drunk driving incident. In the original indictment, the defendant was charged with four misdemeanors. In the second indictment, the defendant was charged with felony manslaughter.

2. In *Blackledge* the original charge was a misdemeanor charge of assault with a deadly weapon. The subsequent charge, based on same incident, was a felony charge of assault with a deadly weapon with intent to kill and inflict serious bodily injury.

remand, the district court denied appellant's section 2255 motion without considering anything other than "files, records, transcripts and pleadings." *See* exhibit A–3. Appellant asks the court to remand the action for an evidentiary hearing.

In response, the government argues that upon remand, "the [appellant] did not request the District Court's assistance in identifying the source of any information to corroborate his claim of perjured testimony nor did [appellant] provide any evidence to support his bold allegations ... [appellant] clearly was given the opportunity to support his allegations and failed to do so." Brief of Appellee at 12.

Neither party cites any authority to support their contentions. It appears on the face of the record that when this action was remanded, the court intended the district court to allow some sort of evidentiary hearing. At the time of the remand, appellant was proceeding *pro se.* Rule 2255 provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court *shall* cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255 (emphasis added). The trial record in this action is inadequate to show *conclusively* that the tapes in issue were not falsified. The government seems to argue that appellant should have requested the evidentiary hearing. Rule 2255 provides that the court *shall* conduct a hearing—regardless of whether one is requested—if the court cannot determine conclusively the issue before it based on the "files and records of the case." As this court noted in the prior remand order, in light of appellant's specific allegations, something more than the trial record must be considered in order to determine whether appellant is entitled to section 2255 relief in this action.

Accordingly, the order denying appellant relief on his double jeopardy and due process claims is AFFIRMED. The district court's finding that falsified evidence was not present in appellant's trials is hereby VACATED. This action is REMANDED for an evidentiary hearing on appellant's claim that falsified evidence was used against him.