**Melvin ANDERSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 89–8486.

United States Court of Appeals, Eleventh Circuit.

Dec. 12, 1991.

---

Elizabeth R. Francisco, Macon, Ga. (Court-appointed), for petitioner-appellant.

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

Samuel A. Wilson, Jr., Asst. U.S. Atty., Macon, Ga., for respondent-appellee.

Before JOHNSON *, CLARK *, and PECK **, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

Appellant Anderson filed this motion pursuant to 28 U.S.C. § 2255 challenging his plea of guilty to second degree murder. He alleged, among other things, that his counsel was ineffective because he induced Anderson to plead guilty by providing him with erroneous advice, failed to move for a competency hearing despite receiving information that indicated that Anderson was incompetent, and failed to investigate the case and apprise Anderson of all defenses and options. The district court summarily denied the motion. The issue before this Court is whether the district court erred in denying the motion without holding an evidentiary hearing.

## Background

There is very little information in the record that sheds any light on Anderson's allegations. On October 15, 1987, the grand jury returned an indictment against Anderson charging him with the first degree murder of an army sergeant at Fort Benning, Georgia. Bradford Pierce was initially appointed to represent Anderson, but he moved to withdraw on October 10, 1987 because he was assuming a position as an assistant district attorney. Although the record does not indicate the disposition of this motion, it was presumably granted. On December 21, 1987, Anderson appeared with a new counsel, Arthur Mendenhall, and entered a plea of not guilty to the first degree murder charge. At this appearance, Mendenhall waived Anderson's right to a speedy trial, indicating that they were awaiting "some extensive medical records." The record does not indicate whether Men-

** Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

denhall requested or received these records.

On March 1, 1988, Anderson appeared with Mendenhall and pled guilty to a superseding information charging him with second degree murder. The record does not indicate whether this plea was pursuant to some agreement with the prosecution or why the charge against Anderson was reduced. On March 24, 1988, the court sentenced Anderson to life in prison. Anderson is serving his prison term at the federal psychiatric facility in Butner, North Carolina.

### Discussion

In a section 2255 proceeding, the district court must accord the movant an evidentiary hearing " '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " [1] If the trial record is inadequate to show *conclusively* that the movant's contentions are without merit, the district court must conduct a hearing.[2]

In this case, the record does not conclusively show that Anderson's contentions are without merit. For example, Anderson alleged that he was incompetent when he pled guilty and that his counsel was ineffective for failing to request a competency hearing. The record does not refute this allegation; in fact, the little information in the record indicates that the allegation is not frivolous. Anderson's counsel waived the right to a speedy trial because he was awaiting "some extensive medical records." Moreover, as Anderson's pleadings filed with the district court indicate, he is serving his sentence at the federal correctional institute in Butner, North Carolina, which is a psychiatric facility. Taken as true, Anderson's allegation of incompetence, as well as his other allegations of ineffective assistance of counsel, would entitle him to relief. We hold, therefore, that the district court erred in failing to hold an evidentiary hearing.

Accordingly, the district court's decision is VACATED and this case is REMANDED for an evidentiary hearing. Given Anderson's allegations of incompetence, the district court should appoint counsel to represent Anderson at this hearing. Anderson's motion for reconsideration of the denial of his motion to proceed *pro se* on appeal is DENIED,[3] and his remaining outstanding motions are DENIED as moot.

---

1. *Holmes v. United States,* 876 F.2d 1545, 1552–53 (11th Cir.1989) (quoting 28 U.S.C. § 2255); *Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980) (quoting 28 U.S.C. § 2255).

2. *Humphrey v. United States,* 888 F.2d 1546, 1550 (11th Cir.1989).

3. Anderson initially filed with this Court a motion for appointment of counsel on appeal. After appellate counsel was appointed, however, he filed a motion seeking to proceed *pro se* on appeal. Notwithstanding this latter motion, appellate counsel continued to represent Anderson and appeared on his behalf at oral argument. Although a party in a civil proceeding, such as a section 2255 proceeding, has a statutory right to proceed *pro se,* 28 U.S.C. § 1654, we decline to permit Anderson to proceed *pro se* in this appeal for several reasons. First, even when there is a constitutional right to proceed *pro se,* as in criminal cases, the criminal defendant must be competent to make the choice to proceed *pro se. Orazio v. Dugger,* 876 F.2d 1508, 1512 (11th Cir.1989). In this case, Anderson's allegations raise concerns regarding his competency to make such a choice. Second, Anderson waived any right he had to proceed *pro se* by initially requesting appointment of counsel. Third, Anderson's court-appointed appellate attorney raised, and this Court considered, all of the issues that Anderson urged.