[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16330
Non-Argument Calendar

_____

D. C. Docket No. 02-00085-CR-CG

OCTAVIO PAEZ-ORTIZ,

Petitioner-Appellant.

UNITED STATES OF AMERICA,

Respondent-Appellee,

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(October 18, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Federal prisoner Octavio Paez-Ortiz, proceeding pro se, appeals the district

courts's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence arguing, <u>inter alia</u>, that his trial counsel was constitutionally ineffective because he failed to advise Paez-Ortiz to plead guilty. We issued a certificate of appealability ("COA") on the following issues:

> (1) Whether the district court erred by finding that appellant had failed to demonstrate that counsel's performance was constitutionally ineffective under the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)?
>
> (2) Whether the district court erred by failing to conduct an evidentiary hearing with regard to appellant's claim of ineffective assistance of counsel?

On appeal, Paez-Ortiz argues that the district court erred in deciding his motion without holding an evidentiary hearing because there were issues of fact that could not be determined solely from the motion and the record of the case. Paez-Ortiz also argues that his trial counsel's deficient performance resulted in prejudice to him because he was not involved in the decision to accept or reject a plea offer, and because his counsel failed to keep him informed of important developments in the case. Specifically, he asserts that had trial counsel advised him regarding the advantages of pleading guilty to the charged offenses, rather than proceeding to trial, the outcome of his case would have been different.

An ineffective assistance of counsel claim is a mixed question of law and fact that is subject to de novo review. Hagins v. United States, 267 F.3d 1202, 1204 (11th Cir. 2001). To prevail, the defendant must demonstrate both (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct 2052, 2064-65, 80 L.Ed.2d 674 (1984). To meet the deficient performance prong of the Strickland test, the defendant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. Id. at 687, 104 S.Ct. at 2064. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Id. at 689, 104 S.Ct. at 2065. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068. Where a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he "must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." Coulter v. Herring, 60 F.3d 1499, 1504 (11th

Cir. 1995) (quotation and alterations omitted). We need not "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697, 104 S.Ct. at 2069.

In the instant appeal, Paez-Ortiz failed to demonstrate that but for counsel's errors, the result of his case would have been different. Although Paez-Ortiz avers that he was prejudiced by counsel's failure to advise him of any plea offers, the record does not indicate that any such offers existed. The record does indicate, however, that Paez-Ortiz was aware of his option to plead guilty to the charged offenses, and was aware of the consequences a guilty plea would have at sentencing. Despite this awareness, there is no clear evidence that Paez-Ortiz ever expressed a desire or intent to plead guilty before he was convicted. To the contrary, the record indicates that Paez-Ortiz consistently maintained his innocence throughout his sentencing and on direct appeal. Accordingly, the district court did not err in finding that Paez-Ortiz was not denied effective counsel.

## II.

An evidentiary hearing must be held on a motion to vacate "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Anderson v. United States, 948 F.2d 704, 706 (11th Cir. 1991) (holding that, unless the record is adequate to show

4

conclusively that the movant's contentions are without merit, the district court must conduct a hearing). On review, the court "must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim." Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (quotation omitted). However, "on habeas a federal district court need not conduct an evidentiary hearing if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel." Id. (quotation omitted).

The record indicates that the district court accepted all of Paez-Ortiz's allegations as true in reviewing the merits of his § 2255 motion. As discussed above, the evidence, or lack of evidence, in the record indicates that Paez-Ortiz was unable to show that but for counsel's inaction, he would have pled guilty to the charged offenses. Accordingly, the district court did not err in failing to conduct an evidentiary hearing, and we affirm.

**AFFIRMED.**