[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14124
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-01961-CV-T-26-TGW,
04-00546-CR-T-24-TGW

SAMUEL DAVIS, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 9, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Samuel Davis, Jr., a federal prisoner proceeding *pro se*, appeals the denial of his motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, in which he alleged, *inter alia*, ineffective assistance of counsel. Davis asserted his counsel told him that if he had a bench trial he would still receive a sentencing reduction for acceptance of responsibility and that without counsel's advice he would have pled guilty. The district court denied the motion, suggesting Davis had not suffered prejudice because he failed to show his sentence would have been different if he had pled guilty instead of going to trial. We granted a certificate of appealability as to whether counsel was ineffective for advising appellant he would receive a two-level sentencing reduction for acceptance of responsibility if he maintained his not-guilty plea but waived his right to a jury trial.

Davis argues his counsel gave him constitutionally deficient advice that he would receive a sentencing reduction for acceptance of responsibility if he maintained his not guilty plea but waived his right to a jury trial. He contends this advice was deficient because only in rare situations would a defendant receive the sentencing reduction after pleading not guilty, and his counsel was aware of his pre-trial false statements and resistance to arrest. Davis asserts he suffered prejudice because, without counsel's advice, he would have pled guilty, and the district court would have reduced his guideline level for acceptance of

responsibility. Davis acknowledges entering the guilty plea itself would not entitle him to a sentencing reduction for acceptance of responsibility, but argues that considering the totality of the circumstances, he demonstrated a reasonable probability he would have received the reduction if he had pled guilty. Davis contends the district court's decision to deny his § 2255 motion should not reflect on whether the court would have granted him a sentencing reduction for acceptance of responsibility if he had pled guilty. He also argues the district court did not fully address whether counsel's performance was ineffective, instead focusing on the prejudice caused by counsel's advice, and he contends we could remand for further findings about his counsel's performance.

In reviewing a denial of a motion to vacate, we examine the factual findings for clear error and legal conclusions *de novo*. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). An ineffective-assistance-of-counsel claim is a mixed question of law and fact that is subject to *de novo* review. *Gordon v. United States*, 518 F.3d 1291, 1296 (11th Cir. 2008). "If the trial record is inadequate to show *conclusively* that the [§ 2255] movant's contentions are without merit, the district court must conduct a[n evidentiary] hearing." *Anderson v. United States*, 948 F.2d 704, 706 (11th Cir. 1991) (emphasis in original).

Criminal defendants have a right to effective assistance of counsel. *Strickland v. Washington*, 104 S. Ct. 2052, 2063 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, *i.e.*, the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. *Id.* at 2064-68. A court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 2069.

Where an ineffective-assistance-of-counsel claim relates to the entry of a guilty plea, a movant "must show that there is a reasonable probability that, but for counsel's errors, he would . . . have pleaded guilty and would [not] have insisted on going to trial." *Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995) (quoting *Hill v. Lockhart*, 106 S. Ct. 366, 370 (1985)). In these cases, the prejudice requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 106 S. Ct. at 370. If the movant (1) failed to allege in his motion to vacate that, but for counsel's advice, he would not have pled as he did or (2) otherwise failed to show special circumstances indicating that counsel's advice affected his decision to plead, then his allegation of prejudice is insufficient to satisfy *Strickland*. *Id.* at 371. Where the district court has focused on only one prong of *Strickland* in denying a

4

movant's ineffective-assistance-of-counsel claim, and we hold that, in the absence of an evidentiary hearing, the record does not support that finding, we remand back to the district court for it to determine in the first instance if movant has met the other prong. *Clark v. Crosby*, 335 F.3d 1303, 1311-12 (11th Cir. 2003). On remand in such a situation, the district court should determine if the alleged facts warrant relief under *Hill*, and if the movant surmounts that threshold, the court should hold an evidentiary hearing. *Yordan v. Dugger*, 909 F.2d 474, 478 (11th Cir. 1990).

Davis asserted in his § 2255 motion that he only went to trial because of counsel's advice he would still receive the reduction for acceptance of responsibility, and he would otherwise have pled guilty. Statements by Davis' counsel suggest Davis agreed to the bench trial because he wanted to preserve his right to challenge the denial of his motion to suppress, yet it is not clear from the record if that decision was the result of a promise by counsel that he would still receive a reduction for acceptance of responsibility. The record does not appear to conclusively show that Davis' ineffective-assistance allegation is without merit. The district court should determine whether counsel's advice caused Davis to not plead guilty. In denying the § 2255 motion, it is not clear from the record if the district court focused on whether, but for counsel's advice, Davis would have pled

5

guilty or if the district court focused on whether Davis' sentence would have changed if he pled guilty. Accordingly, we vacate and remand for further proceedings, including an evidentiary hearing if necessary.

**VACATED AND REMANDED.**