[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11265
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2010
JOHN LEY
CLERK

D. C. Docket Nos. 08-20728-CV-PAS,
07-20420-CR-PAS

ORESTES ALVAREZ-JACINTO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 18, 2010)

Before BLACK, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Orestes Alvarez-Jacinto appeals from an order denying his 28 U.S.C. § 2255

motion to vacate his conviction and sentence. The issue certified for appeal is whether the district court erred by failing to hold an evidentiary hearing on the § 2255 motion.

I.

In June 2007, Alvarez pleaded guilty to conspiracy to commit Medicare fraud, 18 U.S.C. § 1349. During his plea hearing, Alvarez testified that he was taking Aricept, a prescription drug that can alleviate some symptoms of Alzheimer's disease. When asked why he was taking Aricept, Alvarez mistakenly said that it was for his high blood pressure. Alvarez did testify that he was having problems with his memory, but he attributed those problems to his age and stress rather than Alzheimer's or dementia. When the Assistant United States Attorney asked whether Alvarez was taking any medication for Alzheimer's, Alvarez said that he was not. No one corrected this misstatement or told the district judge that Alvarez, who was then 80, had been diagnosed with memory impairment and early-stage dementia several months before the hearing. Neither Alvarez's lawyer nor the AUSA raised any questions about Alvarez's competence, and the district court accepted his guilty plea.

Three months after his plea hearing, Alvarez was once again diagnosed as suffering from mild cognitive impairment. At no point before Alvarez's

2

sentencing was a competency hearing held. Alvarez received a definite diagnosis of Alzheimer's one month after he was sentenced.

Although Alvarez did not appeal from his conviction, he filed a 28 U.S.C. § 2255 motion to vacate his conviction and sentence, arguing that his guilty plea had not been knowing and voluntary because he had been mentally incompetent when it was taken. The district judge referred the motion to a magistrate judge, who recommended that it be denied. The district court adopted the magistrate's report and recommendation. Neither the district judge nor the magistrate held a hearing on the motion.

## II.

A district court must hold an evidentiary hearing on a § 2255 motion unless "the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief." 28 U.S.C § 2255(b) (emphasis added). In other words, a hearing is required unless the record shows that the movant's contentions are meritless. *Anderson v. United States*, 948 F.2d 704, 706 (11th Cir. 1991).

We cannot say that the motion, files, and records of this case conclusively establish that Alvarez is not entitled to relief. On the contrary, the portions of the record cited in the magistrate judge's report indicate that Alvarez's claim is not

meritless: when he pleaded guilty Alvarez testified that he was taking Aricept (although the trial judge was misinformed as to the reason why); several medical reports filed before his sentencing indicated that his cognitive capacity was diminished at the time of his plea hearing; and at the hearing itself Alvarez testified that he was being treated for memory problems. Furthermore, Alvarez's competency was never formally evaluated before the plea hearing. All of these facts raise the question whether Alvarez was competent when he pleaded guilty. Because the record does not foreclose Alvarez from ultimately prevailing on his § 2255 motion, he is entitled to an evidentiary hearing. Accordingly, the district court's order is vacated, and this case is remanded for an evidentiary hearing on the § 2255 motion.

**VACATED AND REMANDED.**