[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15150
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2011
JOHN LEY
CLERK

D. C. Docket Nos. 08-00248-CV-1-ODE,
02-00045-1-ODE

ALEX SESSIONS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 3, 2011)

Before WILSON, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Alex Sessions, a federal prisoner serving a 324-month sentence for conspiracy to possess with intent to distribute at least five kilograms of cocaine, seeks to vacate his conviction. This case comes to us on a certificate of appealability issued by the district court on a single issue: whether counsel may be deemed ineffective for failure to comply with Addendum Four of the Eleventh Circuit's Criminal Justice Act ("CJA") Plan. We are not able to answer this question because a core factual question was not conclusively determined by the district court. Therefore, we vacate the district court's order denying § 2255 relief to Sessions and remand the case for initial fact-finding on the question of whether Sessions's counsel informed him of this right to petition the Supreme Court for a writ of certiorari.

Sessions argues that his counsel failed to inform him of his right to seek certiorari review in the Supreme Court, in violation of this Court's CJA Plan.[1] He further asserts that his counsel was ineffective for failing to properly inform him of

---

[1]Addendum Four (f)(5) of the Eleventh Circuit CJA Plan provides:

> If the decision of this court is adverse to the client, counsel shall inform the client of the right to file a petition for rehearing or petition for rehearing en banc in this court, or to petition the Supreme Court of the United States for a writ of certiorari. Counsel shall file a petition for rehearing, a petition for rehearing en banc, or a petition for a writ of certiorari if requested to do so by the client in writing, but only if in counsel's considered judgment sufficient grounds exist.

this right and that he was prejudiced because he would have filed for certiorari review had he learned of his right to do so. Finally, Sessions argues that the district court should have granted him an evidentiary hearing to resolve the disputed facts regarding this particular issue.

"In a Section 2255 proceeding, we review legal issues de novo and factual findings under a clear error standard." Thomas v. United States, 572 F.3d 1300, 1303 (11th Cir. 2009) (quotation omitted). "A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo." Gordon v. United States, 518 F.3d 1291, 1296 (11th Cir. 2008) (citation omitted).

We have held that if the movant "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002) (quotation omitted). Stated differently, a district court must conduct an evidentiary hearing in a § 2255 proceeding "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Anderson v. United States, 948 F.2d 704, 706 (11th Cir. 1991) (footnote omitted).

After reviewing the record, we determine that the case must be remanded to the district court for fact-finding on the question of whether Sessions's counsel informed him of his right to seek certiorari review in the Supreme Court. The

district court, without holding an evidentiary hearing, denied Sessions's § 2255 motion, in part on the grounds that Sessions's counsel advised him that he would consider filing a petition for a writ of certiorari in the United States Supreme Court. District Court Order, Doc. 1264 at 19. However, the court, in its subsequent order granting the certificate of appeal, acknowledged that this finding did not clearly answer the question of whether counsel informed Sessions of his right to petition the Supreme Court. District Court Order, Doc. 1290 at 11. The district court's certification of the issue to this Court demonstrates that it was unable to hold that the motion and the files and records of the case demonstrated conclusively that Sessions was entitled to no relief. Therefore, the district court should have conducted an evidentiary hearing to settle this important question of fact, and its failure to do so was error. See Anderson, 948 F.2d at 706 (vacating the district court's decision and remanding for an evidentiary hearing). We decline to address the hypothetical question of whether it might constitute ineffective assistance of counsel for an attorney to fail to advise a client of his right to file a petition for a writ of certiorari in violation of the Criminal Justice Act Plan where the client asserts that he would have filed such a petition if he had been informed. If the district court finds on remand that counsel did in fact inform Sessions, the issue would be moot, and Sessions would have no arguable claim. If the district

4

court finds that counsel did not in fact adequately inform Sessions, then we would prefer to have the district court's opinion on the merits of the issue.

Upon review of the record and consideration of the parties' briefs, we vacate the district court's denial of Sessions's § 2255 motion and remand for initial fact-finding on the issue of whether Sessions's counsel informed him of this right to petition the Supreme Court for a writ of certiorari.

**VACATED and REMANDED**.