[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

_____

No. 09-15365

_____

D. C. Docket No. 08-00404-CR-T-27-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHUN HEI LAM,
TAM FUK YUK,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 15, 2011)

Before DUBINA, Chief Judge, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Tam Fuk Yuk ("Tam") and Chun Hei Lam ("Lam") were convicted for

violating 46 U.S.C. §§ 70503(a) and 70506(a)–(b), and 21 U.S.C. § 960(b)(1)(B)(ii), by conspiring to possess five kilograms or more of cocaine with the intent to distribute it while aboard a vessel subject to the jurisdiction of the United States. They also were convicted for violating 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), by possessing five kilograms or more of cocaine with the intent to distribute it while aboard a vessel subject to the jurisdiction of the United States. Tam appeals his conviction and his resulting sentence of 180 months' imprisonment followed by five years' supervised release. Lam appeals his conviction and his resulting sentence of 300 months' imprisonment followed by five years' supervised release.

On appeal, Tam alleges that: (1) the evidence was insufficient to sustain a conviction based on knowingly conspiring to possess cocaine with the intent to distribute it while aboard a vessel subject to U.S. jurisdiction; (2) the district court abused its discretion by denying Tam's motion to dismiss the indictment because the vessel and its contents were exculpatory and the Coast Guard destroyed them in bad faith; (3) the district court erred by failing to declare a mistrial based on the prosecutor's statements regarding Tam's financial condition because the

government relied on facts not in evidence; and (4) the district court abused its discretion by denying Tam's motion for a new trial based upon newly discovered testimonial evidence of two of Tam's co-defendants.

Lam—and Tam through adoption—argues that (1) the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional on its face and as applied to the facts of this case; (2) the district court erred by admitting as evidence a Chinese maritime-safety document in determining subject matter jurisdiction; (3) the district court abused its discretion by denying Lam and Tam's motions to dismiss the indictment for lack of subject matter jurisdiction under the MDLEA; and (4) the district court erred by denying Tam and Lam's motions to suppress the evidence seized from the vessel because, according to them, the Coast Guard violated appellants' Fourth Amendment rights when he searched the vessel without reasonable suspicion.

After careful consideration of the briefs and review of the record on appeal, and having heard oral argument in the matter, we conclude that both appellants' arguments lack merit. Accordingly, we deny Tam's request to remand for acquittal or a new trial and affirm his conviction and sentence. We also deny

3

Lam's request to remand for acquittal or a new trial and affirm his conviction.

**AFFIRMED.**