[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14695
Non-Argument Calendar
_____

D.C. Docket Nos. 2:13-cv-14018-KMM
2:09-cr-14016-KMM-4

DESHAWN KENNETH JAMES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 11, 2015)

Before MARTIN, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Deshawn Kenneth James, a federal prisoner represented by counsel, appeals

the district court's denial of his 28 U.S.C. § 2255 motion to vacate and his request

for an evidentiary hearing.  In 2009 James was convicted of conspiracy to commit robbery, five counts of robbery, and five counts of brandishing a firearm during a crime of violence, and sentenced to 1,017 months in prison.  James argues that he was entitled to an evidentiary hearing regarding his claim that his trial counsel rendered ineffective assistance at the plea-bargaining stage.  In particular, he argues that counsel failed to relay the government's plea offers and failed to properly advise him about the plea offers or that he faced the possibility of a much longer sentence if convicted at trial.[1]  After careful consideration, we affirm.

We review a district court's denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion.  Aron v. United States, 291 F.3d 708, 714 n.5 (11th Cir. 2002).  "In a section 2255 proceeding, the district court must accord the movant an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Anderson v. United States, 948 F.2d 704, 706 (11th Cir. 1991) (alteration adopted) (quotation omitted).  Thus, if a movant "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim."  Aron, 291 F.3d at 714–15 (quotation omitted).  On the other hand, "the

---

[1] James raised other claims in his § 2255 motion and the district court ultimately granted a certificate of appealability for all of his claims.  On appeal, however, James only argues his plea-offer claim.  He has therefore abandoned his other claims.  See Pope v. Sec'y for Dep't of Corr., 680 F.3d 1271, 1295 n.17 (11th Cir. 2012) (holding that a habeas petitioner abandoned issues contained in the COA but not mentioned on appeal).

2

district court is not required to hold an evidentiary hearing [if] the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." Id. at 715.

To demonstrate that trial counsel's assistance was constitutionally defective, a movant must allege facts showing that: (1) his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  Once a court has determined that the movant fails to establish either the performance or prejudice prong, it need not address the other prong.  Id. at 697, 104 S. Ct. at 2069. Applying the prejudice prong in the context of a rejected plea agreement,

> a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

Lafler v. Cooper, 566 U.S. ___, ___, 132 S. Ct. 1376, 1385 (2012).

Here, even assuming deficient performance, there is no reasonable probability that James would have accepted a plea offer.  In his habeas petition, James alleged that his attorney "failed to relay, explain, and/or advise [him] as to the risk(s) and/or benefits to accepting or rejecting [the] plea offers."  As the

3

Magistrate Judge noted, however, "the thrust of the Movant's argument is not that he was left uninformed of the plea offers," but that his counsel's advice was insufficient.  In fact, James does not challenge the government's response that "Movant acknowledges that he was aware of the Government's plea offers."  Thus, we focus on whether James was prejudiced by his counsel's allegedly deficient advice regarding the government's offers.

The only particular fact that James says he did not know and that would have changed his pleading decision was "the potential maximum sentence [he] faced upon conviction, including the 960 months of consecutive [sentences] mandated by statute for the firearms convictions."  However, at the arraignment for his superseding indictment, the government specifically stated that James faced "a maximum of 20 years in prison" on Counts 1, 13, 15, 17, 19, and 21, "a consecutive seven years up to life in prison" on Count 14, and "a consecutive 25 years up to life in prison" on each of Counts 16, 18, 20, and 22.  When asked whether he "underst[oo]d the charges against [him] and the penalties [he was] facing," he answered "yes, sir."  In short, despite any of the alleged failures by his counsel, James was aware of the plea offers from the government, and the record clearly shows that he was aware of the potential maximum consecutive sentences he faced.

Beyond that, we have held that "[g]iven [a defendant's] awareness of the

plea offer, his after the fact testimony concerning his desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz v. United States, 930 F.2d 832, 835 (11th Cir. 1991). Here, James cites no evidence that he expressed a desire to plead guilty prior to his conviction at trial. In fact, James maintained his innocence throughout his case, and even stated under oath during his sentencing hearing that he was innocent of the charges and that the government's primary witness had lied to secure his conviction. Although not dispositive, a defendant's "claim that he would have ple[aded] guilty had he been properly informed is . . . undermined by his repeated claims of innocence." Osley v. United States, 751 F.3d 1214, 1224 (11th Cir. 2014).

The district court did not err when it found that the record contradicted James's assertion that he was prejudiced by his counsel's deficient performance at the plea-bargaining stage. The court therefore did not err in denying James's petition and did not abuse its discretion when it refused his request for an evidentiary hearing.

**AFFIRMED.**

5