[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12899
Non-Argument Calendar
_____

D.C. Docket Nos. 1:13-cv-23640-JLK,
1:09-cr-20264-JLK-1


JUNIOR SYLVIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 1, 2017)

Before MARTIN, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Junior Sylvin, a federal prisoner proceeding *pro se*, appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.   The district court granted Sylvin a certificate of appealability ("COA") on two issues:

1. Whether Petitioner is entitled to an evidentiary hearing to determine whether or not the advice of his counsel during plea negotiations constituted ineffective assistance of counsel.

2. Whether Petitioner is entitled to an evidentiary hearing to determine whether his counsel's failure to call codefendants as witnesses constituted ineffective assistance of counsel.

## I.

Sylvin first contends that his trial counsel, Barry Greff ("Greff"), was ineffective with regard to the plea negotiations because he advised Sylvin to decline the government's offer of ten years' imprisonment in exchange for pleading guilty and to pursue suppression motions instead.  Sylvin notes that the suppression motions were denied, and he ultimately received a 216-month sentence.

"We review the district court's denial of an evidentiary hearing in a § 2255 proceeding for abuse of discretion." *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Id*.

2

A movant claiming ineffective assistance of counsel must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that the proceeding's result would have been different, but for his counsel's ineffective assistance. *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (*en banc*). We engage in a "highly deferential" review of counsel's performance. *Id.* at 1314.

An evidentiary hearing must be held on a motion to vacate "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b)(2012); *see also Anderson v. United States*, 948 F.2d 704, 706 (11th Cir. 1991) (holding that, unless the record is adequate to conclusively show that the movant's contentions are without merit, the district court must conduct a hearing). The district court, however, should order an evidentiary hearing and rule on the merits of a petitioner's claim "if the petitioner alleges facts that, if true, would entitle him to relief." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir.), *cert. denied,* 136 S. Ct. 429 (2015)(quotations omitted). "[A]n evidentiary hearing is unnecessary when the petitioner's allegations are affirmatively contradicted by the record." *Id.*

Here, there is no evidence in the record supporting Sylvin's allegation that a ten-year offer was extended. *See Winthrop-Redin*, 767 F.3d at 1215. On the contrary, Sylvin's claim is affirmatively contradicted by the record. *See Rosin*, 786

3

F.3d at 877.  Accordingly, we conclude that the district court did not abuse its discretion in denying Sylvin's § 2255 motion without holding an evidentiary hearing as to his counsel's effectiveness during the plea negotiations.

## II.

Sylvin also argues that he was entitled to an evidentiary hearing with regard to his claim that his counsel was ineffective for failing to bring witnesses to testify at his sentencing hearing that Sylvin was not an organizer or leader in the alleged/charged offense.  He asserts that affidavits show that the witnesses were willing to testify on his behalf.

We have stated that counsel's decision as to which witnesses to call at sentencing, if any, "is the epitome of a strategic decision, and it is one that we will seldom, if ever, second guess."  *Conklin v. Schofield*, 366 F.3d 1191, 1204 (11th Cir. 2004) (quotations omitted).  Therefore, "[e]ven if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it."  *Dingle v. Sec'y, Dep't of Corrs.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (quotations omitted).

Here, we conclude from the record that the district court did not abuse its discretion in declining to hold an evidentiary hearing with regard to Greff's failure

4

to bring witnesses at sentencing.  The affidavits show that two of the witnesses were unavailable to testify.  Moreover, even if the third witness was able to testify, the decision not to call him was a strategic decision, which was not patently unreasonable.  *See Dingle*, 480 F.3d at 1099.

Accordingly, for the above stated reasons, we affirm the district court's denial of Sylvin's § 2255 motion without holding an evidentiary hearing.

**AFFIRMED.**