[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11766
Non-Argument Calendar
_____

D.C. Docket Nos. 8:13-cv-00518-JDW-MAP,

8:08-cr-00404-JDW-MAP-2


CHUN HEI LAM,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 14, 2017)

Before HULL, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Chun Lam, proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.  After careful review, we affirm.

## I.  BACKGROUND

In 2009, Lam was convicted of possession, and conspiracy to possess, with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and was sentenced to 300 months' imprisonment.  Lam was the captain of a fishing vessel that the U.S. Coast Guard interdicted in the Eastern Pacific Ocean with 2900 kilograms of cocaine (worth approximately $58 million) hidden inside a compartment.

Lam, his brother-in-law who was the owner of the vessel, and the five other members of Lam's crew were indicted and tried together.  At trial, Lam testified that he thought he was transporting rhino skins, and that he and the rest of the crew did not know the packages contained cocaine.  After an eleven-day trial, the jury convicted Lam and his brother-in-law, but acquitted the five other members of Lam's crew.  Lam's convictions and 300-month sentence were affirmed on direct appeal.  United States v. Lam, 430 F. App'x 794 (11th Cir. 2011).

2

In his § 2255 motion, Lam claimed, <u>inter alia</u>, that his trial counsel provided ineffective assistance by advising him to reject a ten-year plea deal because his counsel believed there was a good chance Lam would be found not guilty at trial. The district court denied Lam's § 2255 motion without holding an evidentiary hearing.  As to Lam's ineffective assistance claim relating to the plea advice, the district court concluded that Lam had not shown either that his trial counsel's advice was deficient or that Lam was prejudiced by it.

This Court granted Lam a certificate of appealability on the following issue: "Whether the district court erred in denying, without first ordering an evidentiary hearing, Lam's claim that he would have accepted a ten-year plea agreement absent ineffective assistance of counsel."  We review a district court's denial of an evidentiary hearing in a 28 U.S.C. § 2255 proceeding for an abuse of discretion. <u>Rosin v. United States</u>, 786 F.3d 873, 877 (11th Cir. 2015).

## II.    GENERAL LEGAL PRINCIPLES

A prisoner is entitled to an evidentiary hearing on a motion to vacate "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b); <u>see</u> <u>Anderson v. United States</u>, 948 F.2d 704, 706 (11th Cir. 1991).  Thus, if a movant "alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." <u>Aron v. United States</u>, 291 F.3d 708, 715 (11th

3

Cir. 2002) (quotation marks omitted).  However, the district court is not required to hold a hearing of the "if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quotation marks omitted).

To make a successful claim of ineffective assistance of counsel, a § 2255 movant must show that: (1) his counsel's performance was deficient; and (2) the movant suffered prejudice as a result of the deficient performance.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases.  Id. at 687-88, 104 S. Ct. at 2064. Prejudice requires showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694, 104 S. Ct. at 2068.  There is no need to address both prongs if the movant fails to make an insufficient showing as to one or the other.  Id. at 697, 104 S. Ct. at 2069.

The Strickland standard applies to ineffective assistance of counsel claims arising out of the plea process, including to the negotiation and consideration of pleas that are rejected or lapse.  Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014).  "Counsel has an obligation to consult with his client on important

decisions and to keep him informed of important developments in the course of the prosecution." Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991). This obligation includes informing a client about formal plea offers presented by the government, and the failure to advise a client about such an offer is ineffective assistance of counsel. See Missouri v. Frye, 566 U.S. 134, 144-45, 132 S. Ct. 1399, 1408 (2012); Lafler v. Cooper, 566 U.S. 156, 132 S. Ct. 1376 (2012).

In the context of a rejected plea offer, the prejudice prong requires the movant to show "a reasonable probability that but for counsel's ineffectiveness: (1) 'the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)'; (2) 'the court would have accepted its terms'; and (3) 'the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" Osley, 751 F.3d at 1222 (quoting Lafler, 566 U.S. at 164, 132 S. Ct. at 1385). However, "after the fact testimony concerning [the movant's] desire to plead, without more, is insufficient to establish that but for counsel's alleged advice or inaction, he would have accepted the plea offer." Diaz, 930 F.2d at 835.

### III. LAM'S INEFFECTIVE ASSISTANCE CLAIM

#### A. Existence of Plea Offer

5

Here, the district court did not abuse its discretion when it denied, without an evidentiary hearing, Lam's claim that his trial counsel was ineffective for advising him to reject the alleged ten-year plea deal and to proceed to trial.  At the outset, we note that it is questionable whether such a plea deal existed at all.  The government represented that it never offered Lam a plea agreement.  In the district court, Lam's trial counsel filed an affidavit swearing that the government never made a plea offer to Lam.  In that affidavit, Lam's trial counsel further disputes Lam's allegation that she conveyed a plea deal to Lam and advised him not to accept it.  In fact, Lam's trial counsel avers that she discussed the option of pleading guilty without or without a plea agreement with Lam, but he maintained his innocence and asserted his desire to proceed to trial regardless of whether his codefendants did so.  According to trial counsel, Lam never requested a plea agreement, never expressed a desire to cooperate with the government or enter an open guilty plea, and admitted his guilt only after he received a copy of the presentence investigation report, at which time he said he wanted to express his remorse at sentencing.

## B.    No Prejudice Shown

Even if we assume, as the district court did, that a plea offer existed and also assume that Lam's trial counsel was constitutionally deficient in advising him to reject it, Lam still has not shown that he was prejudiced under Strickland.

6

Specifically, Lam has not demonstrated that there is a reasonable probability that, but for his counsel's advice to continue to trial, he would have accepted the ten-year plea deal. The only evidence Lam offered supporting his claim that he would have accepted the deal was his own self-serving statement, which this Court has held is not sufficient by itself. See Diaz, 930 F.2d at 835.

Lam and his trial counsel agree that a Cantonese interpreter was present each time they met to discuss his case, but they disagree about what the interpreter would say about a plea offer. Lam claims the interpreter supports his recollection of events, and stated in his declaration filed in the district court that the interpreter would testify on his behalf at an evidentiary hearing. But Lam never provided a declaration or affidavit from the interpreter or explained why he was unable to obtain one. This is so even though Lam was informed by the district court that he needed to submit sworn declarations to avoid dismissal of his § 2255 motion. In any event, Lam says only that the interpreter would testify that trial counsel conveyed a plea deal and told him to go to trial. Lam does not say that the interpreter would testify that Lam wanted to accept, or would have accepted, the plea deal.

Moreover, the record as a whole does not support Lam's claim that he would have accepted a plea deal from the government. Lam's trial counsel averred that Lam maintained he was innocent up to and through trial and that he never

7

expressed any interest in pleading guilty. Notably, Lam's declaration does not dispute these points. And, consistent with trial counsel's averments, Lam testified under oath at trial that he did not know the packages on the fishing vessel contained drugs and that he thought he had been hired to smuggle rhino skins into Hong Kong. See Osley, 751 F.3d at 1224 (explaining that the movant's repeated claims of innocence, while not dispositive, are a relevant consideration in determining whether he would have accepted a plea bargain). Lam also does not dispute trial counsel's statement that he did not admit his guilt until after he was found guilty and said he wanted to express remorse at his sentencing.

In addition, Lam has not shown that the sentencing court would have accepted a proposed plea agreement of ten years' imprisonment, the statutory mandatory minimum sentence. Lam's advisory guidelines sentence was life imprisonment. While the sentencing court ultimately varied downward to 300 months' imprisonment, Lam has identified no factors that would have justified the district court in accepting a plea agreement offering a sentence fifteen years below the 300-month sentence the sentencing court deemed appropriate. In fact, the PSI suggested that an upward departure might be appropriate given the enormous amount of drugs involved, 2900 kilograms of cocaine, "more than 20 times the quantity necessary to achieve the maximum statutory and guideline provisions."

8

For the first time on appeal, Lam claims that his trial counsel was ineffective—and also violated his Fifth and Sixth Amendment rights—by deciding for Lam to refuse the government's plea offer and proceed to trial. Specifically, Lam states that his trial counsel communicated the ten-year plea offer to him, but then two days later informed him that she had already made the decision to proceed to trial on the belief that Lam would be acquitted.

This is not the ineffective assistance claim Lam brought in his § 2255 motion in the district court. Indeed, this new claim contradicts Lam's ineffective assistance claim in the district court that he made the decision to go to trial based on bad advice from his counsel about his chances at trial. We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." See Walker v. Jones, 10 F.3d 1569, 1572 (11th Cir. 1994) (quotation marks omitted) (refusing to consider a claim that was not raised in the 28 U.S.C. § 2254 petition). Accordingly, we do not consider Lam's newly raised claim.

## IV.  CONCLUSION

Given that the record affirmatively contradicts Lam's claim that he would have accepted the plea deal, he could not establish prejudice under Strickland, and the district court was not required to hold an evidentiary hearing. See Winthrop-Redin, 767 F.3d at 1216; Osley, 751 F.3d at 1222.

9

For these reasons, we affirm the district court's denial of Lam's § 2255 motion.

**AFFIRMED.**