[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12635

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHUN HEI LAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:08-cr-00404-JDW-MAP-2

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Chun Hei Lam, *pro se*, appeals the district court's denial of his request for early release under 18 U.S.C. § 3582(c)(1)(A)(i), which permits courts to reduce the sentences of defendants when warranted by "extraordinary and compelling reasons." The government responds that Lam is clearly not entitled to relief and moves for summary affirmance, which we may grant when there is "no substantial question as to the outcome" of the appeal.[1] Because the district court's ruling was clearly correct under binding precedent, we grant the government's motion.

In 2009, the district court sentenced Lam to 300 months in prison after a jury convicted him and several others of trafficking five or more kilograms of cocaine on the high seas. *See* 46 U.S.C. §§ 70503(a), 70506(a) & (b); 21 U.S.C. § 960(b)(1)(B)(ii). We affirmed his convictions on appeal. *United States v. Lam*, 430 F. App'x 794 (11th Cir. 2011).

In July 2021, Lam filed a *pro se* motion seeking early release under § 3582(c)(1)(A)(i), commonly called the "compassionate release" provision. Lam asserted that early release was warranted

---

[1] *Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019) ("Summary [disposition] is warranted where, among other circumstances, . . . the result is clear as a matter of law so that there can be no substantial question as to the outcome.").

because he suffered from medical conditions—high cholesterol, hypertension, and chronic hepatitis B—that increased his risk of severe illness from COVID-19, and that prisoners as a class were at higher risk of contracting the virus.  He further contended that release was warranted based on the 18 U.S.C. § 3553(a) factors and his exemplary post-incarceration conduct.

We review *de novo* a determination about a defendant's eligibility for a § 3582(c) sentence reduction.  *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021).  We review the denial of an eligible prisoner's § 3582(c)(1)(A) motion for an abuse of discretion.  *Id.*; *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Under § 3582(c)(1)(A), a district court may grant a defendant's motion for a sentence reduction, after considering the § 3553(a) factors, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines.  18 U.S.C. § 3582(c)(1)(A)(i).  The applicable policy statement is found at U.S.S.G. § 1B1.13, and, under our precedent, a district court cannot reduce a sentence under § 3582(c)(1)(A) unless a reduction would be consistent with § 1B1.13.  *Bryant*, 996 F.3d at 1262.

The commentary to § 1B1.13 outlines medical, age, and family circumstances that may qualify as sufficiently "extraordinary and compelling."  *See* U.S.S.G. § 1B1.13, cmt. n.1(A)–(C).  As relevant here, a non-terminal medical condition may be grounds for a sentence reduction if it substantially diminishes a prisoner's

ability to provide self-care in custody, and the prisoner is not expected to recover. *Id.*, cmt. n.1(A). While the commentary also authorizes relief for "other reasons," *id.* § cmt. n.1(D), our precedent holds that such other reasons must be determined by the Bureau of Prisons, not by the courts. *See Bryant*, 996 F.3d at 1262–65. In other words, a district court lacks discretion to develop other reasons outside those listed in § 1B1.13. *Id.*

Lam's argument that district courts are not constrained by § 1B1.13 is foreclosed by *Bryant*. While other circuits have resolved this issue differently, we are bound by *Bryant* in this appeal. *See, e.g., United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("[W]e are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.") (quotation marks omitted). And based on *Bryant*, the failure to demonstrate an extraordinary and compelling reason within the meaning of § 1B1.13 is alone sufficient to "foreclose a sentence reduction." *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

We recently held that "the confluence of [a prisoner's] medical conditions and COVID-19" did not constitute an extraordinary and compelling reason warranting compassionate release where the prisoner's medical conditions did not meet § 1B1.13's criteria. *United States v. Giron*, 15 F.4th 1343, 1346–47 (11th Cir. 2021). We found that the defendant failed to show his "high cholesterol, high blood pressure, and coronary artery disease" substantially diminished his ability to provide self-care as required by § 1B1.13, stating

21-12635                 Opinion of the Court                         5

that they "were manageable in prison, despite the existence of the COVID-19 pandemic." *Id.*

Here, the district court did not err in denying Lam's motion for a sentence reduction under § 3582(c)(1)(A)(i). Even liberally construing his brief on appeal, Lam does not argue that his medical conditions qualify as extraordinary and compelling under § 1B1.13 and its commentary. Nor is there any basis in the record to conclude that these conditions, unlike the similar conditions in *Giron*, are not "manageable in prison, despite the existence of the COVID-19 pandemic." *See id.* at 1346–47.

We affirm the denial of Lam's motion for compassionate release.

**AFFIRMED.**