[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14020
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20338-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIO PONCE RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 24, 2017)

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Mario Ponce Rodriguez appeals the district court's denial of his motion for a new trial based on newly-discovered evidence that a defense witness who was impeached on the basis of his prior conviction was granted a new trial and that his attorney had identified witnesses who would testify that the government's witnesses colluded to testify falsely against Ponce.  He argues that the district court abused its discretion by determining that the new evidence was not likely to produce a different result and denying his motion.  He argues that the district court should have held an evidentiary hearing to determine whether the new evidence warranted a new trial.  Upon review of the record and the parties' briefs, we affirm.

A district court's denial of a motion for a new trial is reviewed for abuse of discretion.  *United States v. Perez-Oliveros*, 479 F.3d 779, 782 (11th Cir. 2007).  A district court's denial of an evidentiary hearing on a motion for a new trial is also reviewed for abuse of discretion.  *United States v. Fernandez*, 136 F.3d 1434, 1438 (11th Cir. 1998).

Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.  Fed. R. Crim. P. 33(a).  Any motion for a new trial grounded on newly discovered evidence must be filed within three years of the verdict.  Fed. R. Crim. P. 33(b)(1).  Motions for a new trial based on newly discovered evidence are highly disfavored and should be granted only with great caution.  *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006).

2

Newly discovered evidence need not relate directly to the issue of guilt or innocence to justify a new trial, but may be probative of another issue of law. *Id.* For instance, the existence of a *Brady*[1] violation, as well as questions regarding the fairness or impartiality of a jury, may be grounds for a new trial. *Id.*

A new trial is warranted based upon circumstances coming to light after trial only if the following five-part test is satisfied: (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result. *United States v. Lee*, 68 F.3d 1267, 1273 (11th Cir. 1995).

The use of a constitutionally invalid conviction to impeach a defendant's credibility deprives him of due process of law. *Loper v. Beto*, 405 U.S. 473, 483 (1972). However, we have held that the prejudicial impact of an erroneous introduction of a prior conviction is lessened where other prior felony convictions were also used to impeach the defendant, so that a defendant could not show a reasonable probability that the result would have been different if the erroneous conviction were not introduced. *Harrison v. Jones*, 880 F.2d 1279, 1281 (11th Cir. 1989) (analyzing a habeas corpus petition under 28 U.S.C. § 2254).

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

Where the prosecutor failed to correct what he subsequently learned was false testimony, this evidence is material if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *United States v. Alzate*, 47 F.3d 1103, 1110 (11th Cir. 1995).   In *Alzate*, we held that explicit factual representations by the prosecutor at a side bar and implicit factual representations to the jury during cross-examination also presented a situation involving prosecutorial misconduct and a corruption of the truth-seeking function of the trial, so that this materiality standard applied. *Id.*

We give great deference to the district court's assessment of witnesses' credibility. *Lee*, 68 F.3d at 1276.  New evidence that simply provides an additional method of undermining the credibility of a witness whose credibility was already challenged in other ways is merely cumulative and impeaching. *United States v. Garcia*, 854 F.2d 1280, 1285 (11th Cir. 1988).  Self-serving affidavits that are unsubstantiated by any objectively credible source and present only second-hand information do not warrant a new trial. *United States v. Calderon*, 127 F.3d 1314, 1354-55 (11th Cir. 1997).  The acumen gained by a trial judge over the course of the proceedings makes the judge well-qualified to rule on a motion for a new trial on the basis of affidavits without a hearing. *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997).  Motions for a new trial are therefore ordinarily decided without an evidentiary hearing, except in certain unique situations typically

involving allegations of jury tampering, prosecutorial misconduct, or third party confession. *United States v. Hamilton*, 559 F.2d 1370, 1373 (5th Cir. 1977).

Here, the district court did not abuse its discretion by denying Ponce's motion for a new trial. First, the government's misconduct in Stirling's case did not undermine the fact that Stirling's testimony was false nor did it make it less likely that he would testify falsely in Ponce's case. The district court noted that Stirling was such a terrible witness that he elicited laughter from the jury and that he exhibited a clear bias against the government. The district court did not abuse its discretion in determining that the new evidence of Stirling's being granted a new trial would not bolster his testimony, which the district court, who had observed his testimony, found to be incredible even in light of the new evidence. *Lee*, 68 F.3d at 1276. Second, as to the affidavit submitted by Ponce's counsel, the government stated it had investigated Ponce's claims of witness collusion and had found them implausible. Even if Ponce had offered more fully substantiated evidence of witness collusion, that evidence would be merely cumulative and impeaching. The evidence would only go to the credibility of the government's witnesses, which Ponce had attacked on similar grounds at trial. *Garcia*, 854 F.2d at 1285. Finally, the district court did not abuse its discretion by denying Ponce's request for an evidentiary hearing, because the district court's familiarity with the

5

case made it well-qualified to rule without a hearing that the new evidence would

not have produced a different result.  *Schlei*, 122 F.3d at 994.

   **AFFIRMED.**